# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SHARRON BATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1887SNL |
| | ) | |
| MISSOURI DEPT. OF CORRECTIONS, | ) | |
| ET. AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant City of St. Louis' motion to dismiss plaintiff's amended complaint (#16), filed January 15, 2008.  Instead of filing a responsive pleading, plaintiff has once again filed an amended complaint, this time a second amended complaint (#18), filed January 28, 2008.

In its motion, defendant City of St. Louis seeks dismissal because plaintiff's §1983 claim(s) are grounded in *respondeat superior*, negligence, and she has failed to assert any grounds for municipal liability based upon any custom, practice, or procedure attributable to the defendant City of St. Louis as to her arrest and incarceration on a *capias* warrant.

Without leave of Court, plaintiff filed a second amended complaint in which she names the State of Missouri, Rebecca Goetz, and the City of St. Louis as party defendant.  She has modified her claim, as contained in Count II, to include a broad allegations that "Defendants were told to ignore complaints from individuals detained for probation violations claiming their detention was not warranted.  Further, after being notified, it was Defendant's custom and practice to tolerate and condone the unlawful detention."  Second Amended Complaint, Count II, ¶26, pg. 5 (#18).

Firstly, the defendant City of St. Louis' grounds for dismissal are well-taken and well-supported in its memorandum in support. Secondly, plaintiff and her counsel appear to believe that the filing of amended complaints, instead of substantive responsive pleadings to motions to dismiss, are the manner in which to address the legal issues raised in said motions. Plaintiff and her counsel are mistaken in this belief. Finally, plaintiff has filed this second amended complaint without seeking and receiving leave to file same. Therefore, the Court will strike the filing of the second amended complaint. Even if the Court were not to strike its filing, its vague and broad sudden allegation of a "custom and/or policy" in response to the motion to dismiss is suspect and lacks and indicia of fact in support. Plaintiff has failed to set forth any affirmative facts which even minimally demonstrate that plaintiff's claim is based upon anything other than a single event.

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of St. Louis' motion to dismiss amended complaint (#16) be and is **GRANTED.** Plaintiff's claim against the City of St. Louis, as contained in Count II of the amended complaint, is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that the filing of the plaintiff's second amended complaint is hereby stricken from the record. This cause of action will proceed on the merits of the remaining claims as contained in plaintiff's amended complaint (#10), filed December 4, 2007.

Dated this \_\_\_11th\_\_\_ day of February, 2008.

_Stephen L Limbaugh_
_____
SENIOR UNITED STATES DISTRICT JUDGE